## HALLER v. GIBSON ET AL.

[No. 4,013.    Filed November 18, 1902.]

EVIDENCE.—*Harmless Error.*—Where in an action for goods sold there was no contention but that the goods were ordered by an alleged agent of defendant, and there was evidence that such person was authorized to do business for defendant, the introduction in evidence of telegrams showing that the goods were ordered in the name of defendant was harmless.    *pp. 10, 11.*

SAME.—*Order of Admission.*—Objection was made to a question asking a witness to state the substance of a written order on the ground that no foundation was laid to authorize the introduction of such evidence.    Upon the statement of counsel that they would prove other facts about the order to make it competent, the objection was overruled.    Thereafter it was shown that an unsuccessful search had been made for the order.    *Held*, that the ruling was not reversible error.    *pp. 11, 12*

SAME.—*Harmless Error.*—When in an action for goods sold a witness testified that he delivered the goods to one claiming to be the agent of defendant upon the written order of defendant, the further testimony of said witness that he would not have delivered the goods without the order, though immaterial, was harmless.    *p. 12.*

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Action by William E. Gibson and others against Gottlieb Haller for goods sold.    From a judgment for plaintiffs, defendant appeals.    *Affirmed.*

*W. J. Vesey, O. N. Heaton* and *Henry Colerick*, for appellant.

*W. P. Breen* and *John Morris, Jr.*, for appellees.

ROBINSON, J.—Suit by appellees for the value of goods sold and delivered.    Trial by jury.    Verdict and judgment for appellees.    Overruling appellant's motion for a new trial is assigned as error.    It appears that the goods were ordered by one Thomas Ryan in appellant's name; that they were shipped to appellant, and were delivered by the express companies to Ryan.    The one question at issue so far as argued was whether Ryan had authority to purchase

the goods in appellant's name, and whether appellant directed the express companies to deliver them to Ryan. There was evidence introduced that Ryan had such authority, and that appellant gave such directions. It is argued that certain evidence introduced to support these propositions was erroneously admitted. Appellees had received telegrams ordering goods and signed "Gottlieb Haller." Appellant objected to their introduction in evidence on the ground that no proper foundation had been laid for such introduction; that the statement of a witness that they were the original telegrams was a conclusion and not the statement of a fact. It was not claimed that appellant had personally sent the telegrams. But the evidence shows they were sent by Ryan; that they were received by appellees; that the goods ordered in them were shipped to appellant, and were delivered by the express companies to Ryan. No claim is made by appellant that Ryan did not order the goods sued for. As stated in appellant's brief, "The real issue in the case was whether or not the goods sold were sold and delivered to appellant. The evidence disclosed that the goods were sold and delivered to some person. The goods were actually received by Thomas Ryan. The contention of appellees was that Ryan was authorized to do business in the name of appellant. Appellant contended that Ryan was not so authorized. This contention presented the principal issue." There is evidence that Ryan was authorized to do business in appellant's name, and it is not denied that the goods sued for were ordered by Ryan in appellant's name. It would not be material, therefore, in what form the order was made; and if the introduction of the telegrams in evidence was error, it was not reversible error.

A witness testified that he delivered goods for the express company to Ryan upon an order signed by appellant. Objection was made to a question asking the witness to state the substance of the order, because no sufficient foundation

was laid to authorize the introduction of such evidence. Upon the statement of counsel that they would prove other facts about the order to make it competent, the witness was permitted to give the substance of the order. Afterwards it was shown that an unsuccessful search had been made for the order. Although the evidence was introduced out of the usual order we can not say that such action of the court was reversible error.

A witness was asked whether he would have delivered the goods to Ryan if he had not had appellant's order to do so. Over appellant's objection he answered that he would not. We fail to see how this evidence was material, or how it was in any way harmful to appellant. He had testified that he delivered the goods upon the strength of the order. What he might have done under other circumstances had nothing to do with the case. The evidence was not material, but it was certainly harmless.

Judgment affirmed.